# EXHIBIT B

COMMONWEALTH OF KENTUCKY
30TH JUDICIAL CIRCUIT
JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

| | | |
|---|---|---|
| Antoinette C. Taylor, an individual | ) | CASE NO. 13-CI-05038 |
| Plaintiff, | ) | |
| v. | ) | **FIRST AMENDED COMPLAINT** |
| Jackson Lewis LLP;<br>Katharine C. Weber, Esq., individually in her capacity as an Attorney & employee of Jackson Lewis LLP, inclusive, | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \*

Pursuant to Kentucky Rules of Civil Procedure ("CR") 15.01, Plaintiff Antoinette C. Taylor ("Plaintiff" or "Taylor"), *pro se*, respectfully amends her original complaint, which was filed on October 8, 2013 and Defendants Jackson Lewis LLP and Katharine C. Weber ("Defendant" or "Weber") has not yet filed its Answer state as follows:

1. The amended complaint will attach Plaintiff's notarized Affidavit. A copy of Plaintiff's notarized Affidavit is attached hereto and labeled as Exhibit "1."

2. The amended complaint will add two (2) additional claims of action upon, which relief can be granted and will not cause any prejudice states the following:



## COMPLAINT FOR:

3. The Tort of Abuse of Process[1]

4. Conspiracy[2]

## FIRST CAUSE OF ACTION FOR
## COUNT I – THE TORT OF ABUSE OF PROCESS

5. Plaintiff hereby restates and incorporates the allegations contained in paragraphs 1-4 and original complaint as if fully stated herein.

6. Weber intentionally and knowingly misused the judicial process when (1) she advised her client Home Instead Senior Care's employee to lie about having a conversation via telephone with plaintiff in reference to client H.R.'s soiled brief and among other things, which she reported to the enforcement officer, Chad Stratton ("Stratton") of the Kentucky Commission on Human Rights and as such Weber referred to and documented said misrepresentations in her pleadings thereafter; and (2) she disobeyed the Court's Order of July 30, 2013 to meet and confer with the parties at least 21 days before the Rule 16 scheduling conference scheduled on October 17, 2013. As a cover up for not wanting to meet and confer with plaintiff, Weber filed a motion for judgment on the pleadings in bad faith, even though she filed her detailed Answer months ago never mentioning a failure to state a claim

---

[1] See Simpson v. Laytart, 962 S.W.2d 392, 394 (Ky. 1998), citing Bonnie Braes Farms Inc. v. Robinson, 598 S.W.2d 765 (Ky. App. 1980); Williams v. Central Concrete Inc., 599 S.W.2d 460 (Ky. App. 1979). Raine v. Drasin, 621 S.W.2d 895, 902 (Ky. 1981).
[2] See Tel-Oren v. Libyan Arab Republic, 726 F.2d 774, 778 (D.C. Cir. 1984).

and the pleadings were not closed. Because of the lie, Weber caused plaintiff to lose her Kentucky Commission on Human Rights Case number, 7654-E because Stratton relied on that lie not to find probable cause in order to continue the case for systemic racial and age discrimination. Because of Weber's failure to obey the Court's Order of July 30, 2013, the Judge cancelled the upcoming Rule 16 scheduling conference previously scheduled for October 17, 2013, whereas Weber caused plaintiff further delay and burden in the suit, for no other purpose than to burden and harass plaintiff.

7. Weber intentionally and knowingly misused the judicial process when she advised her client Home Instead Senior Care's employee to lie under oath at the unemployment insurance appeals hearings held on August 16, 2012, October 4, 2012, and November 30, 2012 for no other purpose than to obtain an advantage over plaintiff in the administrative proceedings. For example, Weber knew or should have known that their client's employee did not have personal or firsthand knowledge to the allegations she was testifying to under oath. Weber caused her client's employee to be under investigation for perjury in the first degree in preparation to go before the grand jury for indictment soon. Additionally, Weber caused plaintiff humiliation and embarrassment and present and future time off from work to meet with the prosecutor. Another example is that Weber mailed plaintiff an overnight package via express mail for $14.10 containing her joint report of planning conference as pretextually at best for not obeying the Court's Order to meet and confer at least 21 days prior to Rule 16 scheduling conference with the parties. Instead, Weber intentionally avoided to meeting and conferring with plaintiff as evidenced by disobeying the Court's Order. Because of Weber's failure to obey the Court's Order, Weber caused plaintiff further delay in the pretrial proceedings and with discovery.

8. Weber intentionally and knowingly misused the judicial process when she advised and/or influenced her client Home Instead Senior Care's employee to misinterpret, misstate, and misrepresent plaintiff's two letters. Weber caused plaintiff's reputation to be harmed in her community. Weber caused plaintiff monetary loss and time to write this complaint. For example, Weber continuously referred to and documented this misrepresentation of plaintiff's letters in her pleadings. Another example is that Weber has ignored plaintiff's testimony of February 22, 2013 under oath of the truthfulness of her two letters for no other purpose than to obtain an advantage in the present civil matter in federal court, case number 3:13CV-259-S.

9. Weber intentionally and knowingly misused the judicial process when she advised her client Home Instead Senior Care to ignore its witness's testimonies and plaintiff's testimonies at the six unemployment insurance administrative hearings lasting approximately one year. Weber ignored the Court Order only to obtain an advantage in the civil matter.

10. Weber intentionally and knowingly misused the judicial process when she advised her client Home Instead Senior Care to interfere with plaintiff's unemployment insurance entitlements and benefits.

11. Weber intentionally and knowingly misused the judicial process when she advised her client Home Instead Senior Care to make false statements about plaintiff. Weber utilized those false statements in her pleadings only to obtain an advantage over plaintiff in the civil matter.

12. Weber's ulterior motive is to cause Taylor to drop the suit against her client Home Instead Senior Care.

13. Weber's ulterior motive is to get Taylor to settle the case for a less amount.

14. Weber's ulterior motive is to retaliate against Taylor for filing a suit against her client Home Instead Senior Care for systemic racial and age discrimination.

15. Weber's ulterior motive is to make Taylor to look in a false light in her local community.

16. Weber's ulterior motive is to damage Taylor's reputation because of her lawsuit filed against her client for a large sum of money.

17. Weber's ulterior motive is to interfere with Taylor's employment compensation.

18. Weber's ulterior motive is to prevent Taylor from gaining an economical advantage over her client.

19. Weber's ulterior motive is to coerce her client Home Instead Senior's employees in order to obtain a collateral advantage that is not properly involved in the active court proceedings.

20. Weber used a legitimate judicial process for reasons that are not intended for the process to carry out only for the purpose to cause Taylor harm.

21. Weber attempted to gain an advantage over Taylor in the legal proceedings as evidently by interfering with Taylor unemployment compensation and the discovery process.

22. Weber attempted to gain economic advantage that would not otherwise be available if Weber had not advised her client Home Instead Senior care's employees to tell lies and make false statements about Taylor.

23. Weber has used her motion for judgment on the pleadings and overnight express mailing of her joint conference report as a cover up for disobeying the Court Order and not wanting to meet and confer with plaintiff as the Judge instructed.

24. Because of Weber's misuse of the judicial process and ulterior motive has caused damaged to Taylor's reputation in her community.

25. Weber's actions have caused Taylor humiliation, embarrassment, and emotional pain and distress, monetary loss, and delay in the pretrial proceedings and discovery process.

26. As a direct result of Defendant's improper use of the court's process and improper motive, Taylor has suffered from lasting shame, anxiety, and mental anguish because of defendant's abuse of the process.

27. The Defendant intended to and did inflict severe emotional distress upon Taylor by engaging in actions that intended to harass, belittle, confuse, mislead, and threaten Taylor, the purpose of which was to intimidate and coerce Taylor in dropping the suit against her client Home Instead Senior Care.

28. The Defendant attempted to take advantage of Taylor reasonably unable to pay for legal counsel, unable to take advantage of her unemployment insurance benefits, and unable to protect her interest because of an assumed ignorance and an inability to understand the legal issues and factors involved, and therefore acted with unconscionable intent.

## SECOND CAUSE OF ACTION FOR
## COUNT II – CONSPIRACY

29. Plaintiff hereby restates and incorporates the allegations contained in paragraphs 1-28 and original complaint as if fully stated herein.

30. When both Weber and Home Instead Senior Care's employees conspired to make false statements about plaintiff and deny her unemployment compensation benefits, Weber, and Home Instead Senior Care's employees cause plaintiff harm and did accomplish their task of causing plaintiff to lose her Kentucky Commission on Human Rights case as described above

and not to receive her unemployment compensation benefits.

31. Home Instead Senior Care's employees joined the conspiracy with Weber to cause Plaintiff harm and knew they did not have personal and firsthand knowledge on the false statements allegedly against plaintiff. Home Instead Senior Care's employees intended to help Weber accomplish her goal of causing plaintiff to lose her Kentucky Commission on Human Rights case, and attempting or is capable of causing her to lose her unemployment compensation benefits, and suit due to the false statements about plaintiff and misrepresentations of her letters for no other purpose than to obtain advantage over Taylor.

32. Weber violated the Rules of Professional Conduct as a lawyer and Home Instead Senior Care's employees violated its Employment Handbook and policy, and plaintiff's civil rights, equal protections, and liberties as outlined under the U.S. Constitution for no substantial purpose other than to embarrass plaintiff and cause delay in her suit, and/or in the receipt of her unemployment compensation.

Respectfully submitted,

**DATED:** October 16, 2013    By: _Antoinette C. Taylor_

Antoinette C. Taylor, Plaintiff in *Pro Se*
1082 Dotland Circle
Shelbyville, Kentucky 40065
502.437.5375

*Plaintiff demands trial by jury.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by regular U.S. Mail on this \_\_\_17th\_\_\_ day of \_\_\_October\_\_\_, 2013, to the following:

Process Agent of Jackson Lewis LLP
Managing Partner, Representative
1 North Broadway, 15th Floor
White Plains, New York, 10601

Katharine C. Weber, Esq.
Jackson Lewis, LLP
201 E. Fifth Street, 26th Floor
PNC Center
Cincinnati, Ohio 45202

Exhibit "1" of Plaintiff's First Amended Complaint

COMMONWEALTH OF KENTUCKY
30TH JUDICIAL CIRCUIT
JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

| | | |
|---|---|---|
| Antoinette C. Taylor, an individual | ) | CASE NO. 13-CI-05038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AFFIDAVIT OF** |
| | ) | **ANTOINETTE C. TAYLOR** |
| | ) | |
| Jackson Lewis LLP; | ) | |
| Katharine C. Weber, Esq., individually in her | ) | |
| capacity as an Attorney & employee of | ) | |
| Jackson Lewis LLP, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \*

I, Antoinette C. Taylor, being of full age over forty, on her oath, deposes and says:

1. I am the Plaintiff, *pro se* litigant in the above matter.

2. I am an African-American woman.

3. I am an American Citizen of the United States of America and was acting on the soil within the actual boundaries of the State under the Constitution of the United States of America and the Commonwealth of Kentucky.

4. The Affiant resides at 1082 Dotland Circle, Shelbyville, Kentucky in Shelby County.

5. The Affiant telephone number is 502.437.5375.

6. The Affiant date of birth is February 23, 1964.

7. The Affiant is a former employee 3B Enterprises, LLC d/b/a

3B Holdings Company, Inc., and Home Instead Senior Care.

8. The Affiant did not have any conversations with Home Instead Senior Care's employee, Christina Reising about client H.R.'s incident, H.R.'s brief, the Sacred Heart Village staff, or about being retaliated against the Sacred Heart Village staff.

9. The Affiant does not have any personal or firsthand knowledge about client H.R. brief being soiled, lying in soiled brief, or witnessing any odors coming from client H.R brief.

10. The Affiant did witness a Sacred Heart Village staff checked client H.R. brief at 10 p.m. and reported that his brief was dry. There was no need to change a dry brief.

11. The Affiant did witness a Sacred Heart Village staff checked and changed client H.R. brief after he had a bowel movement at 2:00 a.m.

12. The Affiant did not witness a Sacred Heart Village staff not perform her job.

13. The Affiant is a former co-worker of Christina Reising as managers for the former company, TLC Supported Living Services. Christina Reising behaved racist to the Affiant and other African-America managers and residents, and was asked to leave the Louisville office and go to the Indiana's office to work because of her conduct.

Respectfully submitted,

Antoinette C. Taylor

Sworn to before me this 17 day of October, 2013.

Notary Public

My Commission Expires: August 1 2016

Page 2 of 2