UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTOINETTE C. TAYLOR                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:13CV-1088-S

JACKSON LEWIS LLP, et al.                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court for consideration of the following motions:

(1) Motion of the defendants, Jackson Lewis LLP, *et al.*, to dismiss (DN 4).

(2) Motion of the plaintiff, Antoinette C. Taylor, to remand the case to state court (DN 6).

(3) Motion of the plaintiff, Antoinette C. Taylor, for leave to file a motion to stay all proceedings (DN 7) and motion to stay all proceedings (DN 8).

(4) Motion of the plaintiff, Antoinette C. Taylor, to dismiss defendants' motion to dismiss as moot (DN 9).

The plaintiff, Antoinette C. Taylor ("Taylor"), is proceeding *pro se* in this matter. Her motion for leave to file a motion to stay all proceedings will be granted. Her motion to stay all proceedings will be denied as moot. She sought to stay the proceedings pending this court's consideration of her motion to remand, which this court undertakes herein as an initial matter.

I. Background

This action arose from the termination of Taylor from her employment with 3B Enterprises, LLC d/b/a Home Instead Senior Care ("3B"). Following her termination, Taylor filed a charge with the Kentucky Commission on Human Rights ("KCHR") alleging age and race discrimination and

pursued a claim for unemployment compensation with the Kentucky Division of Unemployment Insurance. Taylor also filed suit in this court challenging her termination.[1] The defendants herein, Katherine C. Weber and the law firm of Jackson Lewis LLP, represented 3B in these various proceedings.

On October 8, 2013, Taylor filed this suit, *pro se*, in the Jefferson County, Kentucky, Circuit Court raising defamation per se, res ipsa loquitur, respondeat superior, and intentional infliction of emotional distress. Taylor sought a declaration of the court that Jackson Lewis LLP and Weber's conduct was, in pertinent part, "in violation of the First Amendment, Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment of the Constitution of the United States of America and the Constitution of Kentucky," and various provisions of "SCR 3.130 [Kentucky Rules of Professional Conduct]." (DN 1-1). Nine days later, she filed an amended complaint to add claims for abuse of process and civil conspiracy. (DN 1-2, "...2. The amended complaint will add two (2) additional claims of action upon, which relief can be granted and will not cause any prejudice..."). On November 5, 2013, the defendants removed the action to the United States District Court pursuant to our federal question jurisdiction. 28 U.S.C. §§ 1331 and 1367.

The defendants removed the action on the ground that, among other relief requested, Taylor sought a declaration that the defendants violated the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, and thus the complaint and amended complaint state a federal question.

Taylor challenges the removal and seeks remand. The defendants defend their removal and seek dismissal of the action in its entirety.

---

[1] *See Taylor v. 3B Enterprises, LLC, et al.*, Np. 3:13CV-259-S.

II.  Remand

In seeking remand, Taylor contends that there is not complete diversity of citizenship among the parties (DNs 5/6, p. 1, ¶ 1), nor does she seek declaratory relief to redress any Constitutional violation in satisfaction of the requirement for federal question jurisdiction (DN 17, p. 2, ¶ 2).

The defendants's removal was timely, having been filed twenty-eight days after the filing of the initial complaint.  28 U.S.C. § 1446(b).  This matter was removed pursuant to 28 U.S.C. § 1331, not § 1332, so Taylor's argument concerning diversity of citizenship and the amount in controversy has no bearing on the validity of the removal to this court.

Similarly, Taylor's assertion that she "does not seek declaratory relief to redress any violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendment to the Constitution..." (DN 17, p. 2, ¶ 2) has no bearing on our evaluation of the propriety of removal.

As stated in *Harper v. Autoalliance International, Inc*, 392 F.3d 195, 210 (6th Cir. 2004), "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal.  *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000)(holding that the district court was not divested of subject matter jurisdiction upon the dismissal of the plaintiff's federal claims).

Without question, the complaint sought a declaration that the defendants' conduct violated these provisions of the United States Constitution.  To urge otherwise is disingenuous, as this is the precise language taken from the complaint.  The defendants had every right to remove based upon the plain language of the complaint at the time of removal.  To the extent that she urges that she did not intend to seek such relief, Taylor has not sought to amend the complaint to delete this request

for declaratory relief. In any event, this request for declaratory relief was included in the complaint, and mandates denial of Taylor's motion to remand.[2]

III. Dismissal

The defendants have moved for dismissal of the action pursuant to Fed.R.Civ.P. 12(b)(6).

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

As noted in *Southfield Education Association v. Southfield Board of Education*, No. 13-1600, 2014 WL 2900928 (6th Cir. June 26, 2014), "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Twombly*, 550 U.S. at 561-64." *Southfield Ed. Assoc.*, 2014 WL 2900928 at *2. "The factual allegations, assumed to be true,...must show *entitlement* to relief" under "some viable legal theory." *Southfield Ed. Assoc.,* 2014 WL 2900928

---

[2]Taylor also sought to dismiss the defendants' motion to dismiss as moot on the ground that her motion for remand is meritorious. As we find that her request for remand is without merit, Taylor's motion to dismiss the defendants' motion to dismiss as moot will be denied.

at *2, *quoting League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) and *Twombly*, 550 U.S. at 562.

A. Absolute Immunity

The claims in this case arise from allegedly defamatory statements purportedly made by Weber during her representation of 3B in the EEOC and Workers Compensation matters and in the discrimination action filed against 3B. As such, these statements are protected by absolute privilege and not actionable. *Stilger v. Flint*, 391 S.W.3d 751, 754 (Ky. 2013)("Kentucky has a longstanding acceptance of the rule that statements made during the course of a judicial proceeding shall enjoy an absolute privilege."); *Sam v. Wal-Mart Stores East, LP*, 2010 WL 4740330 (Ky.App. Nov. 24, 2010)("The statements were made at Appellants' respective unemployment compensation hearings and are therefore privileged...[T]he Kentucky Supreme Court has specifically applied the privilege to statements made in administrative proceedings."). As stated in *Schmitt v. Mann*, 163 S.W.2d 281, 284 (Ky.App. 1942), quoted in the recent decision of *Morgan & Pottinger, Attorneys v. Botts,* 348 S.W.3d 599 (Ky. 2011),

> It is a common practice, and in many instances a necessary practice, for attorneys to interview witnesses and obtain statements from them before trial of a case or before the suit is instituted, and witnesses should feel free to furnish any information in their possession. The doctrine of privileged communications rests upon public policy "which looks to the free and unfettered administration of justice, though, as an incidental result, it may, in some instances, afford an immunity to the evil-disposed and malignant slanderer." [citation omitted].

B. Other Grounds for Dismissal

In the absence of privilege, Taylor's claims would be dismissed on other grounds.

(1) Defamation

The statement referenced in Taylor's defamation claim was allegedly made by Weber on August 17, 2012 to the KCHR. (DN 1-1, ¶¶ 11, 17, Ex. B). Under Kentucky law, claims for defamation are subject to a one-year statute of limitations. KRS 413.140(1)(d). "'The occurrence of the tort' mark[s] the beginning of the running of the statute of limitations. The tort occurred when the slander was uttered. This is in accord with the general rule that a cause of action accrues at the time of publication...The plaintiff has cited no case in which the discovery rule has been applied to toll limitations in a libel case." *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978).

As the complaint alleges that the purported defamatory statement was made on August 17, 2012 and the complaint was filed on October 8, 2013, over one year after publication, Taylor's defamation claim is time-barred.

(2) Intentional Infliction of Emotional Distress

Taylor alleges a separate claim for intention infliction of emotional distress ("IIED"). However, IIED "does not provide a valid cause of action where the alleged wrongful conduct constitutes a claim for another tort for which emotional distress damages are available." *Snyder v. Kohl's Department Stores, Inc.*, No. 5:12-362-DCR, 2014 WL 186889, *4 (E.D.Ky. Jan. 15, 2014). In *Grace v. Armstrong Coal Company, Inc.*, No. 4:08-cv-109-JHM, 2009 WL 366239, *4 (W.D.Ky. Feb. 13, 2009), the court found the facts underlying the IIED claim to be "coterminous with the facts underlying his defamation and wrongful discharge claims." *Id.* The court dismissed the claims "[b]ecause emotional distress damages are available for the torts of wrongful discharge and defamation," and there was no allegation that the defendant took the alleged actions "only to cause

(1) Defamation

The statement referenced in Taylor's defamation claim was allegedly made by Weber on August 17, 2012 to the KCHR. (DN 1-1, ¶¶ 11, 17, Ex. B). Under Kentucky law, claims for defamation are subject to a one-year statute of limitations. KRS 413.140(1)(d). "'The occurrence of the tort' mark[s] the beginning of the running of the statute of limitations. The tort occurred when the slander was uttered. This is in accord with the general rule that a cause of action accrues at the time of publication...The plaintiff has cited no case in which the discovery rule has been applied to toll limitations in a libel case." *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978).

As the complaint alleges that the purported defamatory statement was made on August 17, 2012 and the complaint was filed on October 8, 2013, over one year after publication, Taylor's defamation claim is time-barred.

(2) Intentional Infliction of Emotional Distress

Taylor alleges a separate claim for intention infliction of emotional distress ("IIED"). However, IIED "does not provide a valid cause of action where the alleged wrongful conduct constitutes a claim for another tort for which emotional distress damages are available." *Snyder v. Kohl's Department Stores, Inc.*, No. 5:12-362-DCR, 2014 WL 186889, *4 (E.D.Ky. Jan. 15, 2014). In *Grace v. Armstrong Coal Company, Inc.*, No. 4:08-cv-109-JHM, 2009 WL 366239, *4 (W.D.Ky. Feb. 13, 2009), the court found the facts underlying the IIED claim to be "coterminous with the facts underlying his defamation and wrongful discharge claims." *Id.* The court dismissed the claims "[b]ecause emotional distress damages are available for the torts of wrongful discharge and defamation," and there was no allegation that the defendant took the alleged actions "only to cause

[h]im extreme emotional distress." *Id., quoting Banks v. Fritsch*, 39 S.W.3d 474 (Ky.App. 2001). Thus the IIED claim is not viable.

Additionally, the one year statute of limitations applies to the IIED claim, as the underlying wrong alleged in the complaint is defamation. *Lashlee*, 570 F.2d at 109 ("The rule is firmly established in Kentucky that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed."). The IIED claim is therefore barred by the one-year statute of limitations for the same reasons as the defamation claim.

### (3) Kentucky Rules of Professional Conduct

Taylor alleges that Weber violated the rules of professional conduct when she allegedly published defamatory statements about Taylor. To the extend that Taylor urges a claim for such an alleged violation, the allegation fails to state a claim upon which relief can be granted. *Rose v. Winters, Yonker & Rousselle, P.S.C.*, 391 S.W.2d 871, 873-74 (Ky.App. 2012)(citing *Hill v. Willmott*, 561 S.W.2d 331, 333-34 (Ky.App. 1978) holding that the Rules of Professional Conduct do not create a private cause of action).

### (4) Abuse of Process

The amended complaint fails to allege sufficient facts to state a plausible claim for abuse of process. "At its core, an abuse of process claim must allege 'the irregular or wrongful employment of a judicial proceeding." *McQueeen v. City of Dayton*, No. 05-132-DLB, 2007 WL 2463323, *8 E.D.Ky. Aug. 27, 2007), *quoting Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998). In her

Amended Complaint, Taylor alleges that Weber engaged in various wrongful conduct such as purportedly suborning perjury by her client, refused to meet and confer concerning the case, and filed various documents in administrative and judicial proceedings that contained misrepresentations. Taking these facts as true for purposes of this decision, Taylor has failed to allege any facts which could possibly constitute abuse of process. She alleges wrongful acts committed by Weber in connection with the representation of 3B in judicial and administrative proceedings which were instituted by Taylor herself. The tort of abuse of process simply does not apply here.

> Generally stated, one who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed, is subject to liability to the other for harm caused by the abuse of process. Restatement (Second) of Torts § 682 (1977). There is no liability where the defendant (usually a plaintiff in the underlying action) has done nothing more than carry out the process to its authorized conclusion. W. Prosser, *Handbook of the Law of Torts*, § 121 (4th ed. 1971).

The amended complaint fails to state a claim for abuse of process upon which relief can be granted.

### (5) Conspiracy

Taylor alleges in the amended complaint that Weber conspired with 3B's employees to make false statements about Taylor, deny her unemployment compensation benefits, and cause her to lose her EEOC case. (DN 1-2, p. 6-7, ¶¶ 30-31).

As noted in *Smith v. Univar USA, Inc.*, No. 12-134-ART, 2013 WL 1136624, *4 (E.D.Ky. March 18, 2013),

> Civil conspiracy, however, is not a free-standing claim; "it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort."

*Stonestreet Farm LLC v. Buckram Oak Holdings, N.V.*, No. 2008–CA–002389–MR, 2010 WL 2696278, at *13 (Ky.Ct.App. July 9, 2010)(citing *Davenport's Adm'x v. Crummies Creek Coal Co.,* 299 KY. 79, 184 S.W.2d 887, 888 (Ky. 1945).

The underlying tort alleged in this case is the making of a defamatory statement in connection with various administrative and judicial proceedings. As it was found herein that such statements are entitled to absolute privilege, and further that any claim for defamation would be time-barred if not so privileged, there can be no viable claim for civil conspiracy maintained in relation to this claim.

Additionally, the complaint is devoid of sufficient facts to support the conclusory allegation that attorney Weber and the employees of her client, 3B, conspired to make false statements. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 436 (6th Cir. 2008)(noting that plaintiffs must do more than present "bare allegations without any reference to the 'who, what, where, when, how or why'" (citing *Twombly,* 550 U.S. at 557)). The plaintiff's "[c]onclusory allegations of agreement at some unidentified point," *Twombly*, 550 U.S. at 557, are insufficient to survive a motion to dismiss. *Smith*, 2013 WL 1136624 at *4. Taylor has failed to state a claim for civil conspiracy.

(6) Constitutional Violations

Taylor seeks a declaratory judgment that the defendants' conduct violated "the First Amendment, Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment of the Constitution of the United States of America and the Constitution of Kentucky..." (DN 1-1, p. 11).[3]

---

[3]The Kentucky Constitution does not contain these amendments as such.

As Weber and Jackson Lewis LLP are private rather than state actors, and there is no allegation that they acted as agents of the state, Taylor fails to state a viable claim against them for declaratory relief. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982)("the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities"); *Cochran v. Gilliam*, 656 F.3d 300 (6th Cir. 2011); *Haight v. Thompson*, No. 5:11CV-P118-R, 2011 WL 4473143, *4 (W.D.Ky. Sept. 26, 2011)(As there are no First and Fourteenth Amendments to the Kentucky Constitution, claims dismissed for failure to state a claim upon which relief can be granted).

(7) Res Ipsa Loquitur and Respondeat Superior

The complaint purports to state a claim for "res ipsa loquitur" and "respondeat superior," both of which are legal theories rather than independent causes of action. Res ipsa loquitur "is a rule of evidence that, under certain conditions, allows the jury to infer negligence from the manner of the occurrence of the injury complained of, or the attendant circumstances." *Electrolux Home Products, Inc. v. Mid-South Electronics, Inc.*, No. 6:07-CV-016-KKC, 2008 WL 3493466 (E.D.Ky. Aug. 11, 2008), *quoting Doyle v. RST Const. Specialty, Inc.*, 648 S.E.2d 664, 667 (Ga.App. 2006). There can be no res ipsa theory of recovery utilized in the case at bar, as there is no claim of negligence asserted. *Electrolux*, 2008 WL 3493466 at *5 ("[W]here a plaintiff pursues a negligence claim under the doctrine of res ipsa loquitur, he must still establish that the defendant owed the

plaintiff some duty."). Therefore, the claim for "res ipsa loquitur"[4] fails to state a claim upon which relief can be granted.

With respect to the assertion of "respondeat superior" liability, there can be no vicarious liability of Jackson Lewis LLP, as there has been no actionable tortious conduct alleged in either the Complaint or Amended Complaint. *McQueen*, 2007 WL 2463323 at *8.

### IV. Conclusion

For the reasons set forth herein, the motion of the defendants, Jackson Lewis LLP and Katherine C. Weber, to dismiss the action will be granted by separate order.

September 9, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, pro se
    Counsel of Record

---

[4] The claim is entitled "Second Cause of Action for Count II – Res Ipsa Loquitur and Respondeat Superior." However, Neither the phrase "res ipsa loquitur" nor any allegations concerning this legal concept appears anywhere in the Second Cause of Action.